PARRISH v. FISHEL.

(Supreme Court, Appellate Division, Second Department.　February 7, 1913.)

1. TRIAL (§ 251*)—ACTION FOR RENT—INSTRUCTIONS—ISSUES.

Where a lessee, in an action for rent, showed, under objection, without pleading it, an agreement to surrender the lease before its expiration for an agreed rebate, and plaintiff denied the agreement, the refusal to submit the issue to the jury was proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

2. LANDLORD AND TENANT (§ 157*)—LEASE—STIPULATIONS—CONSTRUCTION.

A stipulation in a lease that the lessee shall erect on the premises a garage costing not less than $1,000 requires him to use his judgment, and unless it is shown that he acted in bad faith, or improvidently, or without reasonable skill, the cost to the lessee must be accepted by the lessor, though there is evidence that it was only worth $576.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 534–542; Dec. Dig. § 157.*]

3. LANDLORD AND TENANT (§ 157*)—STIPULATION OF LEASE—ERECTION BY LESSEE OF BUILDING—ACCEPTANCE BY LESSOR.

A lessor, in a lease requiring the lessee to erect a garage on the premises costing not less than $1,000, who accepted the garage at a cost of $1,000 in fulfillment of the lease, and who, with knowledge of the insufficiency of the building, deducted under the lease a specified sum per month from the rent on account of the garage until the whole amount was so accepted, could not recover back the amount so allowed.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 534–542; Dec. Dig. § 157.*]

Appeal from City Court of New Rochelle.

Action by Carel Parrish against Jacob Fishel. From a judgment of the City Court of New Rochelle for plaintiff, and from an order denying a new trial, defendant appeals. Conditionally affirmed.

See, also, 138 N. Y. Supp. 1133.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Frank Walling, of New York City, for appellant.

Hugh M. Harmer, of New York City, for respondent.

THOMAS, J. The plaintiff, lessor, has sued on a lease (1) for rent, $250; (2) for breach of agreement in the written lease to build a garage on the premises that should cost not less than $1,000.

[1] The defendant pleaded that the rent had been paid to the extent of $100 by work and material furnished to the plaintiff, but the jury found against him. He also showed, under objection, but did not plead, an agreement to surrender the lease for some days before its expiration for an agreed rebate of $50. The plaintiff denied, and the court properly declined to submit that issue to the jury.

[2] The plaintiff offered expert evidence by one Watson that the reasonable cost of the garage was $576, and the estimated cost of labor and material is given in detail. The defendant is a builder, and shows that he paid for labor and material for the building $1,195,

or $1,095, if no allowance be made for his labor. The question is, not what Watson or some other would do it for, but what it cost. The stipulation was that the defendant should do it; that he should be responsible and use his judgment, and unless it be shown that he acted in bad faith, or improvidently, or without reasonable skill in laying it out and in furnishing material and labor, the money he expended must be accepted.

[3] It is objected that the building does not answer to the agreement in the lease. That question was not submitted, at least not so as to be the issue. Moreover, the plaintiff agreed to deduct $50 per month on account of the garage, and did so voluntarily each month until the whole amount was accepted for rent from October 1, 1909. She did this deliberately, as her letter of November 8, 1910, indicates, and gave receipts for the full amount. So that she has accepted the cost of the building on the basis of a cost of $1,000; that is, she has accepted the building at the cost of $1,000. in payment of rent, although she states that she knew of its insufficiency early in the term. Now she would recover back what she has allowed. There has been. a plain acceptance of the garage at a cost of $1,000, and in fulfillment of the stipulation to build it.

The judgment and order should be reversed, and a new trial ordered, unless the plaintiff within 20 days stipulate to reduce the recovery to $250; and, in case such stipulation be made, the judgment and order are affirmed, without costs. All concur.